**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

06 Civ. 1633 (RRM) (RML)

DANIEL BOGOSIAN, MONICA KAPOOR,
NATHAN M. DEBAN, CHRISTIAN ROEDEL,
KATHRYN WILSON, ZAIRE WILLIAMS, JOSE
BAUTISTA, and JOSHUA BURSTEIN,
Individually and on behalf of others similarly
situated,

                Plaintiffs,

      -against-

ALL AMERICAN CONCESSIONS, ALL
AMERICAN CONCESSIONS, INC., ALL
AMERICAN CONCESSIONS ENTERPRISES,
INC., RESTAURANT ASSOCIATES, UNITED
STATES TENNIS ASSOCIATION, MITCH
STEINBERG, MARTY ROSEN,

            Defendants.

## DECLARATION OF ANDREW P. MARKS

    Andrew P. Marks, an attorney duly admitted to this court, hereby declares under penalty of perjury as follows:

    1.    I am a Shareholder with the firm Littler Mendelson, P.C., attorneys of record for Restaurant Associates ("RA") in this action.  I make this declaration in support of RA's Motion for Summary Judgment.

    2.    Plaintiffs filed their complaint in this action on April 7, 2006.

    3.    Thereafter, RA wrote letters to All American asking it to comply with its indemnification obligations.  All American never agreed to do so.  Accordingly, RA was forced to retain its own counsel to defend itself in this action

4.    RA tried to extricate itself from this litigation by making an early Motion to Dismiss on the grounds that it was not a joint employer with All American.  All American opposed that motion and the motion was denied.  As a result, RA had to become an active party in the litigation.

5.    Early on in the litigation, the parties engaged in mediation.  Plaintiffs initially sought a settlement on behalf of the entire class (not just the named and opt-in plaintiffs). Unable to resolve the matter through mediation, the parties engaged in limited discovery, taking written discovery and the deposition of Marty Rosen.

6.    RA served Document Requests upon All American, requesting, among other things, All American's formation documents, financial books and records, and documents concerning its bank accounts.  All American produced no documents in response.

7.    Subsequent to Marty Rosen's deposition, where documents were again requested, Rosen produced only two years of tax returns for All American and tax returns for another company owned by Rosen, Beverly Hills Cart & Concession, Inc.

8.    All American produced no other corporate records concerning All American despite RA's repeated requests for such information.  Among other things, Rosen was unable to produce any records of shareholder or director meetings or invoices paid by All American.

9.    All American also failed to produce any information about any bank account held by it.  In its First Set of Interrogatories to All American, RA sought the identity of "every bank account in All American's possession, custody or control from 2004 to the present, and for each, . . . the bank, account number, routing number, and amount of funds on deposit."  Rosen responded, on behalf of All American, "It is believed All American did have an account and the

information concerning the account will be provided as soon as the information is located." No such information was ever produced.

10.    Rosen's deposition was held on April 16, 2010.  When questioned during his deposition about his operation of All American, Rosen most often responded by stating that he could not recall.

11.    At that point, there was still a significant amount of discovery to be completed. Defendants had not yet deposed any of the plaintiffs.  Nor had plaintiffs deposed Mitchell Steinberg or any RA or USTA officials, which they had expressed an intention to do.

12.    By April 2010, it had already been four years since the initiation of the action and RA had already incurred significant legal fees.  Moreover, every time the parties engaged in discovery or motion practice, the plaintiffs' attorneys fees, for which defendants would be liable if plaintiffs were to prevail in this action, increased.  According to plaintiffs' counsel, their attorneys fees had already risen to approximately $150,000.  RA was not certain that it would prevail on a motion for summary judgment on the joint employer issue.  And if plaintiffs decided to pursue a Rule 23 class action, the additional costs and potential exposure to RA would be significant.  Thus, solely to avoid the additional costs of litigation, RA began to negotiate a settlement with the plaintiffs.

13.    As part of the settlement, the plaintiffs agreed to resolve the matter on behalf of the named and opt-in plaintiffs only and not on behalf of the entire class.  Plaintiffs also agreed to forgo any state penalties or interest to which they would have been entitled.  Based on their calculations, plaintiffs claimed that the amount they were owed exceeded $20,000, plus attorneys fees of approximately $150,000.

14.     Through negotiations, RA was able to reduce plaintiffs demand by nearly 50%, to $92,000.  One factor for this reduction was RA's position that the amount actually owed to plaintiffs, including liquidated damages, was only $16,961.90.  The remainder of the settlement amount was for plaintiffs' attorneys fees.  Plaintiffs' counsel was adamant that plaintiffs would not accept anything less.

15.     RA informed All American of the settlement and asked All American to participate therein.  Upon information and belief, plaintiffs had a similar conversation with All American.  All American declined to participate in the settlement and, to date, has refused to comply with its obligation to indemnify RA for its costs and expenses incurred in defending and settling this action.

16.     To date, RA has paid $144,492.43 in attorneys' fees and costs in the defense of this action.  Only $1,092.50 of that amount are fees associated with this motion.

17.     A settlement agreement has been fully executed by RA and plaintiffs, and RA has sent plaintiffs checks in the amount of $92,000.

18.     Attached hereto as Exhibit 1 is a true and accurate copy of a Report from the Florida Department of State, Division of Corporations, available at www.sunbiz.org concerning All American Concessions, Inc.

19.     Attached hereto as Exhibit 2 is a true and accurate copy of the Articles of Incorporation of All American Concessions, Inc., available at www.sunbiz.org.

20.     Attached hereto as Exhibit 3 is a true and accurate copy of the Articles of Merger of All American Concessions Enterprises, Inc. and All American Concessions, Inc., available at www.sunbiz.org.

21.     Attached hereto as Exhibit 4 is a true and accurate copy of RA's First Set of Interrogatories to All American.

22.     Attached hereto as Exhibit 5 is a true and accurate copy of All American's Response to RA's Interrogatories.

23.     Attached hereto as Exhibit 6 is a true and accurate copy of RA's First Request for the Production of Documents to All American.

24.     Attached hereto as Exhibit 7 is a true and accurate copy of the Subcontract Agreement entered into between All American and RA.

25.     Attached hereto as Exhibit 8 is a true and accurate copy of a Report from the Florida Department of State, Division of Corporations, available at www.sunbiz.org concerning Beverly Hills Cart & Concession, Inc.

26.     Attached hereto as Exhibit 9 is a true and accurate copy of an Email from Mitchell Steinberg to Daniel Bogosian, dated October 14, 2005.

27.     Attached hereto as Exhibit 10 are true and accurate copies of letters from RA to All American concerning All American's indemnification obligation.

28.     Attached hereto as Exhibit 11 are true and accurate copies of letters from Levin Tannenbaum Band Gates & Pugh to Daniel Bogosian and Monica Kapoor re Employment Agreement, dated October 28, 2005.

29.     Also attached hereto is a true and accurate copy of the April 16, 2010 deposition transcript of Martin Rosen.

30.     Also attached hereto are true and accurate copies of the declarations of Daniel Bogosian, Nathan DeBan, Christian Roedel, Kathryn Wilson, Monica Kapoor, Jose Bautista,

Zaire Williams, Zelda Washington, and Joshua Burstein, previously filed with the Court by plaintiffs.

31.     Also attached hereto is a true and accurate copy of the Amended Declaration of Laurence B. Jones, previously filed with the Court by RA.

Dated: September 9, 2010

_____
Andrew P. Marks