UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL BOGOSIAN, et al., *Individually and on behalf of others similarly situated*,

                  Plaintiffs,

          - against -

ALL AMERICAN CONCESSIONS, ALL AMERICAN CONCESSIONS, INC., ALL AMERICAN CONCESSIONS ENTERPRISES, INC., MITCH STEINBERG, MARTY ROSEN, RESTAURANT ASSOCIATES, UNITED STATES TENNIS ASSOCIATION,

                  Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
06-CV-1633 (RRM)(RML)

**MAUSKOPF, United States District Judge.**

      Plaintiffs brought this putative class and collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state law, to recover allegedly unpaid wages. On June 1, 2010, the parties reported that the named plaintiffs had settled all claims against defendant Restaurant Associates ("Restaurant"). (*See* Minute Entry for Status Conf. before Magistrate Judge Robert M. Levy, June 1, 2010.) On October 13, 2010, this Court, on consent, ordered dismissal of plaintiffs' claims against Restaurant and the United States Tennis Association. (Stipulation and Order of Dismissal (Doc. No. 80).) On September 26, 2011, the Court granted Restaurant's motion for summary judgment on its cross-claim for indemnity against defendants All American Concessions, Inc. ("All American") and All American's principal Marty Rosen, finding the two defendants to be jointly and severally liable to Restaurant for the settlement amount of $92,000, and for reasonable attorney's fees and costs. *Bogosian v. All Am. Concessions*, No. 06-CV-1633 (RRM)(RML), 2011 WL 4460362, at *2 (E.D.N.Y. Sept.

26, 2011). (Doc. No. 84.) The Court entered judgment on September 27, 2011 against All American and Rosen, jointly and severally, in the amount of $92,000. (Doc. No. 85.)

While the Court found that an award of attorney's fees and costs to Restaurant is warranted, it could not properly evaluate the amount requested without further documentation in support of the hours worked and the rates claimed. Accordingly, the Court directed Restaurant, should it wish to press its application for attorney's fees and costs, to submit within 14 days of the entry of judgment pursuant to Rule 54(d)(2)(b) a supplemental request together with contemporaneous time and billing records supporting the amount sought. *Bogosian*, 2011 WL 4460362, at *10 n.11.

Pursuant to the Court's September 26, 2011 Order, Restaurant made a supplemental request for attorney's fees and costs in the amount of $169,876.38, this time supported by documentation of time and billing records, jointly and severally against All American and Rosen. (Doc. No. 86.) All American and Rosen filed a response to the request, challenging the hours in seven timesheet entries submitted by Restaurant[1] as excessive, redundant or unnecessary and requesting the Court to reduce the claim for attorney's fees accordingly. (Doc. No. 88.) For the reasons below, the Court rejects All American and Rosen's challenge as to all seven timesheet entries, and Restaurant's motion is GRANTED in its entirety.

**DISCUSSION**

In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, the Second Circuit adopted the "presumptively reasonable fee" approach which takes into account all case-

---

[1] All American and Rosen challenge six timesheet entries in a sum total of 23.3 hours spent by Restaurant's counsel in preparing its motion to dismiss, and an additional 4.3 hours spent by counsel's legal assistant in performing a corporate background check on All American. (*See* Resp. Restaurant Associates' Mot. Att'y's Fees and Costs at 3-4 (Doc. No. 88).)

2

specific variables in setting a reasonable hourly rate. 522 F.3d 182, 186-90 (2d Cir. 2008). "The Court has considerable discretion in making the 'presumptively reasonable fee' determination, which is comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citations omitted); *see McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) (citing *Arbor Hill*, 522 F.3d at 190).

In determining the presumptively reasonable fee, the Second Circuit has suggested that district courts assess case-specific considerations first and factor them into the determination of a reasonable hourly rate for attorneys' work before applying the number-of-hours multiplier. *See McDaniel*, 595 F.3d at 420 (citing *Arbor Hill*, *522* F.3d at 186, 190). In determining a reasonable hourly rate, the Court should consider, among others, the twelve factors enumerated in *Johnson v. Ga. Highway Express, Inc.*.[2] *Arbor Hill*, 522 F.3d at 190. The Second Circuit summarized the *Johnson* factors as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson,* 488 F.2d at 717-19).

Under the Second Circuit's "forum rule", district courts should use the "prevailing [hourly rate] in the community" in determining the reasonable hourly rate. *Arbor Hill*, 522 F.3d at 190 (citing *Blum v. Stenson*, 465 U.S. 886 (1984)). For purposes of this calculation, "community" is the district in which the district court sits. *Simmons v. New York City Transit*

---

[2] 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92-93, 96 (1989).

*Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Arbor Hill*, 522 F.3d at 190 (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

Subsequent to *Arbor Hill* and *Simmons*, recent opinions issued by this Court have determined that reasonable hourly rates are approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates in the Eastern District of New York. *See Hugee v. Kimso Apartments, LLC*, --- F. Supp. 2d ---, 2012 WL 1096086, at *12 (E.D.N.Y. 2012) (internal quotation marks and citations omitted); *see also BBY Solutions, Inc. v. Schwartz*, No. CV 11-0947, 2011 WL 6986937, at *6-7 (E.D.N.Y. Nov. 17, 2011) (limiting hourly rate to $400 for partners and approving hourly rates ranging from $150 to $310 for associates based on years of experience), *report and recommendation adopted by* 2012 WL 90347 (E.D.N.Y. Jan. 11, 2012); *Blue Moon Media Grp., Inc. v. Field*, No. CV 08-1000 (DRH)(AKT), 2011 WL 4056068, at *13 (E.D.N.Y. Apr. 11, 2011) (reducing hourly rate to $400 for partners and to a range of $175 to $325 for associates depending on years of experience), *report and recommendation adopted by* 2011 WL 4056088 (E.D.N.Y. Sept. 12, 2011); *Callier v. Superior Bldg. Servs., Inc.*, No. 09-CV-4590 (ILG)(JMA), 2010 WL 5625906, at *6 (E.D.N.Y. Dec. 22, 2010) (reducing hourly rate to $350 for partners in FLSA suit due to the case's simple nature with two plaintiffs and no appearances by defendants, and approving hourly rate of $250 as reasonable for associate), *report and recommendation adopted by* 2012 WL 222458 (E.D.N.Y. Jan. 21, 2011); *Shukla v. Shama*, No. 07 CV 2972 (CBA), 2010 WL 8435857, at *14 (E.D.N.Y. Dec. 15, 2010) (finding hourly rate of $350 for partners and $150-$250 for associates to be reasonable in FLSA suit), *report and recommendation adopted by* 2012 WL 607667 (E.D.N.Y. Feb. 24, 2012); *Gutman v. Klein*, No. 03 Civ. 1570 (BMC), 2009 WL 3296072, at *3 (E.D.N.Y.

Oct. 13, 2009) (approving hourly rates between $300 and $400 for partners, $200 and $300 for senior associates, and $100 and $200 for junior associates).

The Court may consider attorney affirmations when determining an award for attorney's fees. *See, e.g.*, *Brady v. Wal–Mart Stores, Inc.*, 455 F. Supp. 2d 157, 207 (E.D.N.Y. 2006) (determination of reasonable hourly rates based in part on attorney affirmations). Andrew P. Marks, who is a partner with the firm representing Restaurant and personally in charge of this litigation, has submitted an affirmation supporting Restaurant's application for attorneys' fees and costs. (*See* Affirmation of Andrew P. Marks in Supp. of Def. Restaurant Associates' Supplemental Appl. for Att'ys' Fees and Costs ("Marks Affirmation"), Oct. 5, 2011 (Doc. No. 86-1).) Marks, who has practiced exclusively in the field of labor and employment law since graduating law school in 1984, has handled many wage and hour class action litigations. He avers that he has performed monthly reviews of work on this matter done by attorneys at Littler Mendelson, P.C. ("Littler"), the firm representing Restaurant, and believes the time spent was both reasonable and necessary. (Marks Affirmation ¶¶ 6-7.)

Littler has billed a total of $168,513.50 in legal fees for 489 hours of attorney work and 21 hours of legal assistant work over the period of September 2006 through October 2011. (*Id*. ¶ 5; *see* Marks Affirmation Ex. A (Doc. No. 86-2).) Prior to January 31, 2008, Littler billed the time of Andrew Marks at $350 per hour, and all other attorneys' time at $320 per hour. Starting in February 2008, the rates were increased to $375 and $350 respectively. Legal assistants were billed at the rate of $130 per hour. (Marks Affirmation ¶ 5.) Additionally, Restaurant incurred a cost of $1,362.88 for the deposition of Martin Rosen, (*Id*. ¶ 8; Invoice for Rosen Deposition (Doc. No. 86-3)), adding up to a sum total of $169,876.38 in attorney's fees and costs.

5

The Marks Affirmation contains no information as to the experience, skill, training, or specializations of other attorneys involved in this matter, but such omissions are not fatal to Restaurant's application. The Court, based on its own experience with this case and with setting fees, is satisfied that the rates requested are reasonable and not out of line with prevailing market rates in this district. *See Cho v. Koam Med. Servs.*, 524 F. Supp. 2d 202, 208 (E.D.N.Y. 2007) (citing *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir. 1992)).

Defendants All American and Rosen concede that the hourly rates billed by Restaurant's counsel are prevailing market rates in the community; instead, they challenge the number of hours in seven timesheet entries as excessive and request the Court to reduce the attorney's fees award accordingly. (*See* Resp. Restaurant Associates' Mot. Att'y's Fees and Costs at 2-3 (Doc. No. 88).) Post *Arbor Hill*, determinations of reasonable attorneys' fees still require a review of reasonably detailed contemporaneous time records, as contemplated by *New York Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). *Shim v. Millennium Group*, No. 08-CV-4022 (FB)(VVP), 2010 WL 2772493, at *4 (E.D.N.Y. June 21, 2010), *report and recommendation adopted by* 2010 WL 2772342 (E.D.N.Y. July 12, 2010). In determining the reasonableness of the number of hours expended, the Court "should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-35, 440 (1983)). Courts should consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Applying this analysis, the Court finds that neither the 23.3 hours in six timesheet entries spent by Restaurant's counsel in preparing its motion to dismiss, nor the 4.3 hours spent in

performing a corporate background check on All American, were unreasonable given the complexity and scope of the motion, the quality and length of the motion papers, and the number of hours expended.  Moreover, 4.3 hours to conduct a corporate background check in a case that turned in large measure on issues of contractual indemnity, piercing the corporate veil, and the liability of the corporate principal is hardly excessive.  Thus, after reviewing the billing records of legal services for Restaurant rendered by Littler for the entirety of August 2007, (*see* Marks Affirmation Ex. A at 146-151), the month during which the seven challenged timesheet entries were entered, the Court finds that at the time the work was performed, reasonable attorneys would have engaged in similar time expenditures.

## CONCLUSION

For the reasons stated in this Memorandum and Order, Restaurant's motion for attorney's fees and costs on its cross-claim for indemnity against All American and Rosen is GRANTED in its entirety.  The Clerk of Court is directed to enter and Amended Judgment in favor of Restaurant and against All American and Rosen, jointly and severally, in the amount of $169,876.38.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge